**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JIM REICH, JR. and KATHLEEN MITTEL, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| COOK COUNTY MEDICAL EXAMINER, | ) |
| COUNTY OF COOK | ) |
| | ) *Plaintiff Demands Trial By Jury* |
| Defendants. | ) |

## COMPLAINT

NOW COME Plaintiffs, Jim Reich, Jr. and Kathleen Mittel, by and though their counsel,

Ryan A. Haas of Chuhak & Tecson, P.C., and for their Complaint against Defendants, Cook

County Medical Examiner and the County of Cook, state as follows:

### I.     NATURE OF ACTION

1.     This action is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, et.

seq. (hereinafter "FLSA"), the Portal-to-Portal Act, 29 U.S.C. § 251, and the Illinois Wage

Payment and Collection Act, 820 ILCS § 115/1, et. seq.

### II.     PARTIES

2.     Plaintiffs, Jim Reich, Jr. ("Reich") and Kathleen Mittel ("Mittel") (collectively

"Plaintiffs"), are current employees of Defendants, Cook County Medical Examiner and the

County of Cook ("Defendants"), and have been employees of Defendants at all relevant times

alleged herein.  At all times relevant hereto, Plaintiffs have worked as hourly, non-exempt

employees for Defendants.

3.     Defendants, Cook County Medical Examiner and the County of Cook

("Defendants"), are engaged in providing investigative services related to certain deaths that take

place in Cook County and throughout Illinois. The Cook County Medical Examiner's main office is located in the City of Chicago, County of Cook, Illinois.

### III. JURISDICTION AND VENUE

4.      This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331 as it concerns federal questions under the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* and the Portal-to-Portal Act, 29 U.S.C. § 254. This Court has supplemental jurisdiction over the pendent Illinois statutory claim pursuant to 28 U.S.C. § 1367.

5.      Venue in this judicial district is proper because Defendants' principal place of business is in this district and all of the acts complained of took place within the territorial boundaries of this district and division in the State of Illinois.

### IV. FACTS COMMON TO ALL COUNTS

6.      Plaintiffs are employed as hourly, non-exempt toxicologists by the Cook County Medical Examiner's office and the County of Cook working at Defendants' office located in Chicago, Illinois.

7.      Reich was hired by the Cook County Medical Examiner in or about October 1984. Reich's current job title is Toxicologist II. In this position, Reich's job duties include, but are not necessarily limited to performing extractions on forensic samples, conducting analysis on such samples, performing unscheduled maintenance when certain instruments break down, performing stat and routine alcohol and carbon monoxide testing, storing and disposing of tissues, and performing other tests when required.

8.      Reich is paid on an hourly basis earning $34.47 per hour.

9.      Mittel was hired by the Cook County Medical Examiner in or about February 1985. Ms Mittel's job title is Toxicologist II. In this position, Mittel's job duties include, but are

not necessarily limited to performing extractions on forensic samples, conducting analysis on such samples, performing unscheduled maintenance when certain instruments breakdown, performing stat and routine alcohol and carbon monoxide testing, storing and disposing of tissues, and performing other tests when required.

10.     Mittel is paid on an hourly basis earning $34.47 per hour.

11.     For all times relevant hereto, Defendants require and have required Plaintiffs to work a regular shift beginning at 8:30 a.m. and ending at 4:30 p.m., five days, Monday through Friday, and 40 hours per week.

12.     Defendants require Plaintiffs to sign-in each morning at the start of their shift, and to sign-out each afternoon at the end of their work day.   The sign-in sheet is kept and maintained by a timekeeper who is an agent and employee of Defendants.

13.     Since at least the year 2000 through and including the date of filing of this Complaint, Defendants have suffered and permitted Plaintiffs to regularly and consistently work after the end of their regular shift, which has resulted in Plaintiffs working more than 40 hours per week.  Plaintiffs routinely work unpaid time in excess of their regular eight hours per day by working after the end of their scheduled shifts with the knowledge and consent of the Defendants.  Plaintiffs have recorded such time worked after the end of their regular shifts on Defendants' required timesheets.

14.     Defendants knew and were reasonably aware at all times that Plaintiffs routinely worked more than 40 hours per week.  Nonetheless, Defendants failed to pay Plaintiffs any compensation for time worked after the end of their shifts at 4:30 p.m., and failed to pay Plaintiffs at a rate of time and one half their regular rate for hours worked in excess of 40 hours in multiple workweeks.

- 3 -

15.     In spite of Plaintiffs being paid on a hourly basis, Defendants have paid Plaintiffs only for time worked during their regular 8:30 a.m. to 4:30 p.m. regular shift.  Defendant has failed to pay Plaintiffs their agreed-upon compensation for any time worked after the end of their regular shifts, and has failed to pay Plaintiffs at time and one half of their agreed-upon compensation when such post-shift work results in Plaintiffs working more than 40 hours per week or 80 hours over a two week period.

16.     Despite weeks in which Plaintiffs have worked more than 40 hours per week, Defendants have willfully failed and refused to pay Plaintiffs any compensation for time worked after the end of a regular shift at 4:30 p.m. and over 40 hours in a workweek.

### COUNT I
### Violations of the Fair Labor Standards Act
### 29 U.S.C. § 201, *et. seq.*

17.     Plaintiffs incorporate and reallege paragraphs 1-16 above as paragraphs 1-16 of this Count, as though fully set forth herein.

18.     At all times relevant hereto, Defendants, Cook County Medical Examiner and the County of Cook, have been and are each an "employer" under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(d).

19.     At all times relevant hereto, Plaintiffs have been and are each an "employee" under the FLSA, 29 U.S.C. § 203(e).

20.     Pursuant to the FLSA, 29 U.S.C. §201 *et seq.*, the Plaintiffs are entitled to compensation for all hours actually worked and are entitled to wages at a rate not less than one and one-half their regular rate of pay for all hours worked in excess of 40 hours in any week or during the three years preceding the filing of this action because Defendants' conduct has been willful and/or intentional.

- 4 -

21.     Defendants failed to pay Plaintiffs compensation for all time worked. Specifically, Defendants failed, and continue to fail to pay Plaintiffs for time worked after the end of each Plaintiff's regular shift.  Plaintiffs were not paid for all hours worked in excess of 40 in a work week in violation of the FLSA, 29 U.S.C. § 201 *et. seq*.

22.     Defendants failure and refusal to pay Plaintiffs for all time worked as alleged herein was willful and intentional, in that Defendants knew or should have known that the pay practices described above violated the FLSA.

23.     As a direct and proximate result of Defendants' failure to pay, Plaintiffs are due unpaid back wages and liquidated damages pursuant to the FLSA, 29 U.S.C. § 216.

24.     Plaintiffs are also entitled to injunctive relief to prevent and prohibit Defendants from continuing their violation of the FLSA.

WHEREFORE, Plaintiffs respectfully requests this Court to enter an order finding that Defendants have violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*, and granting relief in favor of Plaintiffs as follows:

a)  awarding back pay equal to the amount of all unpaid regular and overtime compensation at one and one half of Plaintiffs' regular rate of pay for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

b) finding Defendants actions as alleged herein to have been a willful violation of the Fair Labor Standards Act, and award compensation at one and one half of Plaintiffs' regular rate of pay for the three (3) years preceding the filing of this Complaint, according to the applicable statute of limitation;

c)  awarding liquidated damages on all overtime compensation due and accruing from the date such amounts were due until paid;

d) granting injunctive relief for Plaintiffs preventing and prohibiting Defendants from committing its violations of the Fair Labor Standards Act;

f)  awarding Plaintiffs' reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act;

g)  awarding applicable interest; and

h)  awarding such additional relief as the Court deems appropriate under the circumstances.

## COUNT II
### Violations of the Illinois Wage Payment and Collection Act
### 820 ILCS 115/1, et. seq.

25.     Plaintiffs incorporate and reallege paragraphs 1-24 above as paragraphs 1-24 of this Count, as though fully set forth herein.

26.     The District Court has supplemental jurisdiction over Count II under 28 U.S.C. § 1367, which alleges a claim pursuant to Illinois law.

27.     Under the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1, *et. seq.*, every employer shall pay "all wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned."

28.     Defendants agreed to pay Plaintiffs in accordance with Illinois law.

29.     Defendants' acts as complained of herein and described above, namely the continuing and willful refusals and failures to pay Plaintiffs their agreed-upon and earned compensation and overtime wages for time worked after the end of each of their regular shifts constitute a violation of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et. seq.*

30.     As a direct and proximate result of Defendants' failure to pay, Plaintiffs are due unpaid back wages for the past ten (10) years pursuant to the applicable limitations period under 735 ILCS 5/13-206, including all additional damages as provided under the Act, for all time worked after the end of each of their regular shifts and for which they have not been paid.

- 6 -

WHEREFORE, Plaintiffs respectfully requests this Court to enter an order finding that Defendants have violated the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et. seq.*, and granting relief in favor of Plaintiffs as follows:

a)  declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Wage Payment and Collection Act;

b)  awarding an amount of damages, to be shown by the evidence, to which Plaintiffs are entitled;

c)  awarding statutory punitive damages to Plaintiffs equal to 2% of the amount of unpaid overtime for each month following the date of the payment during which underpayments remain unpaid;

d) granting injunctive relief for Plaintiffs preventing and prohibiting Defendants from committing its violations of the Illinois Wage Payment and Collection Act;

f)  awarding Plaintiffs' reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the Illinois Wage Payment and Collection Act;

g)  awarding applicable interest; and

h)  awarding such additional relief as the Court deems appropriate under the circumstances.

## COUNT III
### Violations of the Illinois Minimum Wage Law
### 820 ILCS 105/1 et. seq.

31.     Plaintiffs incorporate and reallege paragraphs 1-30 above as paragraphs 1-30 of this Count, as though fully set forth herein.

32.     The District Court has supplemental jurisdiction over Count III under 28 U.S.C. § 1367, which alleges a claim pursuant to Illinois law.

33.     The Illinois Minimum Wage Law provides that "no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives

compensation for his employment in excess of the hours above specified at a rate not less than 1 1/2 times the regular rate at which he is employed." 820 ILCS 105/4a(1).

34.     Defendants' acts as complained of herein and described above, namely the continuing and willful refusal and failure to pay Plaintiffs their agreed-upon and earned compensation and overtime wages for time worked after the end of each of their regular shifts and in excess of forty (40) hours during a workweek constitutes a violation of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et. seq.*

35.     As a direct and proximate result of Defendants' failure to pay, Plaintiffs are due unpaid back wages for the past three (3) years pursuant to the applicable limitations period under the Illinois Minimum Wage Law, including all additional damages and attorneys' fees as provided under the Minimum Wage Law, for all time worked after the end of each of their regular shifts and for which they have not been paid.

WHEREFORE, Plaintiffs respectfully requests this Court to enter an order finding that Defendants have violated the Illinois Minimum Wage Law, 820 ILCS 105/1, *et. seq.*, and granting relief in favor of Plaintiffs as follows:

a)  declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

b)  awarding an amount of damages, to be shown by the evidence, to which Plaintiffs are entitled;

c)  awarding statutory punitive damages to Plaintiffs equal to 2% of the amount of unpaid overtime for each month following the date of the payment during which underpayments remain unpaid;

d) granting injunctive relief for Plaintiffs preventing and prohibiting Defendants from committing its violations of the Illinois Minimum Wage Law;

f)  awarding Plaintiffs' reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the Illinois Minimum Wage Law;

- 8 -

g)  awarding applicable interest; and

h)  awarding such additional relief as the Court deems appropriate under the circumstances.

Respectfully Submitted,

JIM REICH, JR. and KATHLEEN MITTEL

By: _____/s Ryan A. Haas_____
      One of Plaintiffs' Attorneys

Ryan A. Haas (6203020)
CHUHAK & TECSON, P.C.
30 S. Wacker Dr., Suite 2600
Chicago, IL  60606
(312) 444-9300

1000440\2\20969\41356